UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-cr-014-DCR-02

UNITED STATES OF AMERICA                                                                 PLAINTIFF

VS.

TINA MILLER                                                                                        DEFENDANT

---

### SENTENCING MEMORANDUM

---

Comes the Defendant, Tina Miller, by and through counsel, and files the following memorandum to aid the Court in determining his appropriate sentence. The Defendant, through counsel, filed objections to the presentence report, which are further addressed in this memorandum.

<u>OBJECTIONS TO PARAGRAPHS IN "THE OFFENSE CONDUCT" (8 - 22) and PARAGRAPH # 30</u>

The Defendant objects to several paragraphs in the section of the presentence report dealing with "The Offense Conduct." The Defendant states that the statements in these paragraphs are inaccurate and mistakenly lead the Government to conclude Tina Miller was a "manager/supervisor" of the criminal activity. Therefore, Tina Miller objects to application of the 3-level increase in the offense level pursuant to USSG § 3B1.1(b).

In paragraph 8 of the presentence report, Timothy Sizemore is said to have given statements that placed Defendant Miller at a "Blackberry Chicken Pit," which then led to her leaving there to "start[ed] running" the pit which is the subject of this action. Defendant Miller denies any role in the Blackberry Chicken Pit and, as is described below in more detail, denies

"running" the Whitesburg pit. Sizemore was not a defendant in this action; however, he faced charges in another Eastern District of Kentucky prosecution. His statements were given in hopes of receiving more lenient treatment in his case. This seriously undermines the credibility of the statements.

Paragraphs 9 through 11 of the presentence report overstate Defendant Miller's involvement in the chicken fighting activity. Ms. Miller does not deny she was involved, but she admits only that she was making announcements and was collecting money from entrants in the chicken fighting (not money being paid at the gate). She was told to then divide that money up between winners of the chicken fighting. She admits that she entered names into a computer program that assigned the participants to specific matches, but was not managing the event. At baseball game, the stadium announcer and the scorekeeper have roles to play in the operation of a baseball team and baseball game, but cannot be said to be managers of the activities. Ms. Miller did not put up any money for any of the activities. She did not contribute to planning, building, hiring or firing, paying any employees, or otherwise manage the business. Robert Baker and his wife had control of the money earned at the gate, from the kitchen, (Mrs. Baker ran the kitchen), and of the bird storage, weapons used by the birds, and other aspects of the operation. Defendant Miller was not paid directly for any of the assistance she provided. Her husband and Co-Defendant Virgil Saylor was paid an amount based on the number of people who attended the chicken fighting.

Other Co-Defendants in this case made statements about Ms. Miller's involvement. Just as with Mr. Sizemore, their statements were made with the hopes of receiving a lighter sentence. Their statements are inherently unreliable as a result.

USSG § 3B1.1(b) requires the Court find that Defendant Miller was "a manager or

supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive" in order to increase her offense level by 3 points. Ms. Miller's activity did not rise to the level of a manager or supervisor. She had jobs she was responsible for, but that makes her a part of the conspiracy just like other Defendants in this action. The Comment 4 of USSG § 3B1.1 tells the Court to consider whether Ms. Miller recruited accomplices, participated in planning and operation, controlled the actions of others involved, or shared in a larger portion of the profits. None of these factors are present with Ms. Miller. She was basically the announcer and the scorekeeper. The managers and even organizers and leaders were the Bakers, not Tina Miler.

Therefore, the 3-point increase to the base offense level of 16 does not apply.

OTHER OBJECTIONS:

The other objections do not impact the guideline calculations and have otherwise been remedied.

CONCLUSION:

Defendant Tina Miller's base offense level is 16, with no applicable adjustments; however, she is entitled to the 3-point reduction for acceptance of responsibility. This gives her a total offense level of 13. Her Criminal History Category is I, which leads to a guideline range of 12 to 18 months, in Zone C.

At the sentencing hearing, Defendant Miller will argue that a variance is appropriate and that a sentence of probation or home incarceration is sufficient but not greater than necessary, pursuant to 18 USC § 3553(s).

/s/ Patrick E. O'Neill
PATRICK E. O'NEILL

>1029 College Ave Ste 101
>Jackson, Kentucky 41339
>Phone: (606) 666-2990
>Fax: (606) 666-9084
>Email: peoneill@turneroneill.com
>COUNSEL FOR TINA MILLER

## CERTIFICATE

I certify that on this the 21st day of January, 2025, I filed this motion using the CM/ECF system which will send a notice of electronic filing to counsel of record.

>/s/ Patrick E. O'Neill